

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: October 17, 2025**

**The Order of the Court is set forth below. The docket reflects the date entered.**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| In re: | Case No. 25-50917-KMS |
| ALAAZHIA CHAUDREEIA SUMRALL, | Chapter 13 |
| Debtor. | |

**AGREED ORDER RESOLVING MOTION FOR RELIEF FROM**
**AUTOMATIC STAY, ABANDONMENT, AND OTHER RELIEF**

This matter came before the Court on the Motion for Relief from Automatic Stay, Abandonment, and Other Relief (Dkt. 26) (the "Motion")[1] filed by 21st Mortgage Corporation ("21st Mortgage"). The Court has found that it has jurisdiction over this matter under 28 U.S.C. §§ 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Notice of the Motion was proper under the circumstances. Upon due consideration of the Motion, and based on the agreement of the parties to the relief granted herein, the Court has found and determined that good and sufficient causes exists to enter this Order.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  Grant of Motion. The Motion is granted as provided herein.

2.  Cure of Arrearage; Payments. The above-captioned debtor (the "Debtor") was in

___

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

postpetition default of her payment obligations to 21st Mortgage at the time the Motion was filed but has since paid the past-due installments and is due for October 15, 2025, in the amount of $1,694.40, excluding the reasonable attorney's fees and costs set forth hereinbelow. The Debtor shall timely pay all installments directly to 21st Mortgage going forward in addition to the attorney's fees and costs set forth hereinbelow.

3. <u>Insurance</u>. In accordance with the loan and security documents, the Debtor shall keep and maintain adequate property and casualty insurance on the Manufactured Home (as defined below), with 21st Mortgage named as an additional insured or loss payee under the policy.

4. <u>Default; Remedies</u>. If the Debtor becomes more than 45 days in default on her ongoing payment or other obligations to 21st Mortgage under her Chapter 13 Plan (Dkt. 12) (the "<u>Plan</u>") or under the loan and security documents, true and correct copies of which are attached to the Motion, 21st Mortgage shall provide written notice of the default to the Debtor's attorney by email, and if the default is not cured within 14 days from the date thereof, as to 21st Mortgage, its successors, transferees, and assigns, the automatic stay under § 362(a) of the Bankruptcy Code shall be terminated as to the Debtor and the Debtor's bankruptcy estate with respect to that certain 2024 Southern Energy The Edge 76 x 28 manufactured home (Serial No. RUS085630ALBAC) (the "<u>Manufactured Home</u>"), and the Manufactured Home shall be abandoned from the bankruptcy estate under § 554 of the Bankruptcy Code, and 21st Mortgage may enforce its remedies to repossess or otherwise obtain possession and dispose of the Manufactured Home in accordance with applicable nonbankruptcy law, without further notice, hearing, or Court order. Upon termination of the automatic stay as provided for herein, 21st Mortgage shall file a notice of such termination with the Court.

5. <u>Attorney's Fees and Costs</u>. 21st Mortgage is awarded attorney's fees of $450 and costs of $199, which shall be incorporated into the Plan and the Debtor's direct payments to 21st Mortgage under the Plan shall be increased to the extent necessary to cover these attorney's fees and costs. 21st Mortgage shall not be required to file and serve a notice of payment change or postpetition fee notice or similar notice for the fees and costs awarded herein or for notice of the

current ongoing mortgage payment.

6. <u>No Stay</u>. The 14-day stay under Fed. R. Bankr. P. 4001(a)(3) shall be waived if the automatic stay is terminated by virtue of a default in the terms of this Order.

7. <u>Conversion</u>. This Order shall remain in full force and effect in the event of a conversion of this case to any other chapter under the Bankruptcy Code.

8. <u>Jurisdiction</u>. The Court shall retain jurisdiction over all disputes or other matters arising out of or related to the interpretation or enforcement of this Order.

9. <u>Final Judgment</u>. Entry hereof constitutes entry of final judgment under the Federal Rules of Bankruptcy Procedure and applicable law.

##END OF ORDER##

AGREED TO AND APPROVED FOR ENTRY BY:

<u>/s/ Thomas Carl Rollins, Jr. (with permission)</u>
Thomas Carl Rollins, Jr.
*Attorney for the Debtor*

<u>  /s/Samuel J. Duncan, Atty for  </u>
David Rawlings
*Chapter 13 Trustee*

<u>/s/ Andrew R. Wilson</u>
Andrew R. Wilson
*Attorney for 21st Mortgage Corporation*

ORDER PREPARED AND SUBMITTED BY:

Andrew R. Wilson (Miss. Bar #102862)
BENNETT LOTTERHOS SULSER & WILSON, P.A.
P.O. Box 1488
Madison, MS 39130
Telephone: (601) 944-0466
Facsimile: (601) 944-0467
awilson@blswlaw.com

*Attorney for 21st Mortgage Corporation*